Filed 10/28/22  P. v. Strain CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B319679, B319695 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. TA007742, TA049080) |
| v. | |
| MAURICE STRAIN, | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Tammy Chung Ryu and Pat Connolly, Judges. Dismissed.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Maurice Strain filed two appeals from orders denying his requests for postconviction relief under Proposition 47 and Penal Code[1] section 1170.18. His appointed appellate counsel filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) identifying no arguable issues, and defendant filed no supplemental brief. We dismiss the appeals.

## BACKGROUND

### 1.    *Case No. TA007742*

On August 30, 1990, defendant was convicted in case No. TA007742 of second degree robbery (§ 211). He was sentenced to four years in prison.

In 2021, defendant applied under section 1170.18 to have his conviction redesignated as a misdemeanor. The trial court denied the application, finding section 1170.18 did not apply to the crime for which defendant was convicted.
The trial court subsequently denied defendant's two motions for reconsideration, again finding section 1170.18 did not apply to his robbery conviction.

### 2.    *Case No. TA049080*

On February 25, 1998, defendant was convicted in case No. TA049080 of attempted second degree robbery (§§ 664/211) and assault with a deadly weapon (§ 245, subd. (a)(1)). Defendant was sentenced to 40 years to life.

In 2022, defendant applied under section 1170.18 to have the robbery conviction reduced to a misdemeanor. The trial court

_____

[1] Unspecified statutory citations are to the Penal Code.

denied the application, finding section 11780.18 did not apply to defendant's robbery conviction.

### 3. *Appeals*

Defendant appealed from the denials of his applications in both case Nos. TA007742 and TA049080. We consolidated the appeals for purposes of briefing, oral argument, and decision.

## DISCUSSION

Defendant's appointed appellate counsel filed a brief identifying no issues and requesting that we follow the procedures set forth in *Serrano*, *supra*, 211 Cal.App.4th 496. We informed defendant of his right to file a supplemental brief. He did not do so.

When a defendant appeals from a denial of postconviction relief, and appointed counsel files a brief raising no issues, we are not obligated to review the record independently to determine whether there are any arguable issues on appeal. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278.) The defendant has a right, however, to file a supplemental brief. (*Ibid*.) If the defendant does not file a supplemental brief, we may dismiss the appeal as abandoned. (*Id.* at pp. 1039–1040, review granted.)

These appeals arise from postconviction proceedings in which defendant sought to reclassify his convictions under Proposition 47 and section 1170.18. Counsel's brief identified no appealable issues, and defendant did not file a supplemental brief in either appeal. Accordingly, we deem the appeals abandoned.

Assuming arguendo we are required to review the full record to determine if any arguable issues exist, as set forth in

*People v. Wende* (1979) 25 Cal.3d 436, we have done so and find no arguable issue.  Appointed counsel has fully complied with counsel's responsibilities and no arguable issue exists.  (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *Wende, supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The appeals are dismissed.
NOT TO BE PUBLISHED.


                                        BENDIX, J.


We concur:



        ROTHSCHILD, P. J.



        CHANEY, J.

4